IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02019-BNB

ROBERT FRANK SUMMERALL,

    Plaintiff

v.

JUDGE WILLIAM FUENTE,
FLORIDA ATTORNEY GENERAL,
HILLSBOROUGH COUNTY STATE ATTORNEY, and
HILLSBOROUGH COUNTY PUBLIC DEFENDER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2009

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

On August 18, 2009, Plaintiff Robert Frank Summerall submitted to the Court a *pro se* Prisoner Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court must construe the Complaint liberally because Mr. Summerall is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint and action without prejudice.

In the Complaint, Mr. Summerall asserts that his due process and equal protection rights were violated when the State of Florida prohibited him from attending the sexual predator adjudication hearing conducted in the Hillsborough County Tribunal Court, in the State of Florida, on July 17, 2003, at which he was found to be a sexual predator under the Florida Sexual Predators Act. Mr. Summerall seeks injunctive relief and money damages.

This Court lacks proper venue to review the instant action. Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Because Defendants reside in the State of Florida, and because the events giving rise to Mr. Summerall's claims occurred in the State of Florida, venue is improper in this Court.

Mr. Summerall's Complaint also suffers from other deficiencies. Defendant Judge William Fuente is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction. **See Mireles v. Waco**, 502 U.S. 9, 11-12 (1991); **Stump v. Sparkman**, 435 U.S. 349, 356-57 (1978); **Hunt v. Bennett**, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Fuente's finding that Mr. Summerall is a sexual predator is an action taken in his judicial capacity. Judge Fuente was not acting in the clear absence of all jurisdiction. Therefore, the claims asserted against Judge Fuente are barred by absolute judicial immunity.

With respect to the prosecutorial activities in which Defendants Florida Attorney General and Hillsborough County State Attorney were involved in Mr. Summerall's state criminal case, they enjoy immunity from suit under § 1983. **See Imbler v. Pachtman**,

2

424 U.S. 409, 420-24 (1976). Mr. Summerall's allegations involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." **Snell v. Tunnell**, 920 F.2d 673, 686 (10th Cir. 1990) (quoting **Imbler**, 424 U.S. at 430), **cert. denied sub nom. Swepston v. Snell**, 499 U.S. 976 (1991). Therefore, Defendants Florida Attorney General and Hillsborough County State Attorney are inappropriate parties to this action based on absolute immunity.

Defendant Hillsborough County Public Defender is not a state actor under § 1983 and also is not a proper party to this action. **Polk County v. Dodson**, 454 U.S. 312, 325 (1981).

Nonetheless, the Court will dismiss the action for lack of proper venue. The Court will refrain from transferring the case to a court with proper venue because the deficiencies identified above indicate that a transfer would not be in the interest of justice. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 21 day of Sept., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02019-BNB

Robert Frank Summerall
Prisoner No. 125786
Arkansas Valley Corr. Facility
PO Box 1000 - Unit 1
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/23/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk