IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02019-ZLW

ROBERT FRANK SUMMERALL,

    Plaintiff,

v.

JUDGE WILLIAM FUENTE,
FLORIDA ATTORNEY GENERAL,
HILLSBOROUGH COUNTY STATE ATTORNEY, and
HILLSBOROUGH COUNTY PUBLIC DEFENDER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 21 2009

GREGORY C. LANGHAM
                CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Robert Frank Summerall is a State of Colorado prisoner. On October 1, 2009, Mr. Summerall, acting *pro se*, filed a pleading titled, "Petition for Redress and Extention [sic] of Time to Cure Deficiencies" challenging the dismissal order entered in the instant action on September 23, 2009. The Court must construe the Petition for Redress liberally because Mr. Summerall is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Petition for Redress will be treated as a Motion to Reconsider, and the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. **Id.**; **see also Dalton v. First Interstate Bank**, 863 F.2d 702, 703 (10th Cir. 1988). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **Van Skiver**, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. **Van Cauwenberghe v. Biard**, 486 U.S. 517, 521-22 (1988); **In re Durability, Inc.**, 893 F.2d 264, 265 (10th Cir. 1990). The September 23, 2009, Order of Dismissal dismissed the Complaint and action without prejudice. A judgment also was entered on September 23, 2009. The Petition was filed on October 1, 2009, which is within ten days of the final judgment in the instant action. The Court, therefore, will construe the Petition as a Motion to Reconsider filed pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court dismissed the action for lack of proper venue. The Court also found that none of the named defendants were proper parties to this action and a transfer of the action to a court with proper venue would not be in the interest of justice.

Upon consideration of the entire file, the Court finds and concludes that Mr. Summerall fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss this action. The Motion to Reconsider, therefore, will be denied. Accordingly, it is

ORDERED that the Petition for Redress (Doc. No. 9), filed October 1, 2009, is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this __21__ day of ____Oct.____, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02019-ZLW

Robert Frank Summerall
Prisoner No. 125786
Arkansas Valley Corr. Facility
PO Box 1000 - Unit 1
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/21/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk